# RICHARDSON *vs.* DORMAN'S EXECUTRIX.

[ACTION ON OPEN ACCOUNT FOR MEDICAL SERVICES RENDERED.]

1. *Diploma of physician, when admissible evidence.*—In an action on an open account for services rendered as a physician, a diploma from a medical college would be admissible evidence, if the services were rendered since the passage of the act of 1854, (Pamphlet Acts 1853-4, p. 48,) " to allow all regular graduates of any medical college in the United States to practice medicine"; but, since that act cannot retro-act so as to authorize a recovery for medical services rendered before its passage, and since the Code (§ 977) prohibits a recovery for services rendered by a physician who has not obtained a license from one of the medical boards of this State, a diploma would confer no authority to practice medicine before the passage of the act of 1854, and would therefore not be competent evidence to sustain an action for such services.

2. *Entries on physician's books evidence of what facts.*—The original entries in the books of a physician, which are declared by the Code (§ 2298) to be " evidence for him, in actions for the recovery of his medical services, that the service was rendered", are evidence of the items of his account for medi-

cines administered and furnished to his patients in the course of his practice; but the value of the medicines, as well as of the active services rendered, must be otherwise proved.

APPEAL from the Circuit Court of Greene. Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by Mrs. Rebecca J. Dorman, as the executrix of her deceased husband, Daniel A. Dorman, against William B. Richardson; was founded on an open account for medical services rendered by . the deceased as a physician, during the months of July and August, 1853; and was commenced on the 2d March, 1854. The pleas were, *non assumpsit*, payment, and set-off. On the trial, as appears from the bill of exceptions, the plaintiff admitted that she had notice to produce on the trial her testator's license to practice medicine, and offered in evidence a paper, or parchment, which purported to be a diploma from the university of Vermont in the year 1852, under the seal of the university, and signed by the faculty. "The court permitted this diploma to go to the jury, as evidence of plaintiff's right to recover, provided her right of action was made out in other respects, without any proof in relation to said diploma; and thereupon defendant excepted."

" In the further progress of the trial, the plaintiff offered in evidence the books of her testator, and the entries thereof in relation to the account sued on, which were admitted by defendant to be in the handwriting of said testator. Said entries commenced on the 19th July, 1853, and continued each successive day until the 3d August following, and ran thus : 'For visit and prescription', each day, so much; and, ' For medicine', so much. The amount of medicine charged in this way consisted of laudanum, camphor, morphine, brandy, &c., and amounted to $12 25; and for visits and prescriptions, $118. . The court permitted these entries to go to the jury, as evidence of the services rendered, and as evidence that the medicines there charged were furnished to defendant by said testator; and thereupon defendant excepted to said entries being evidence for plaintiff, so far as they related to the medicines there charged."

These two rulings of the court are now assigned as error.

W. COLEMAN, for the appellant.

S. F. HALE, *contra*.

WALKER, J.—The Code (chapter 2, title 13, part 1) prohibits the recovery of a physician's account for services as such, unless he had a license from a medical board. The act of 1854 (Pamph. Acts 1853–4, p. 48) permits regular graduates of medical colleges to practice without license. The account sued upon in this case is for services rendered before the adoption of the latter statute, and a suit upon it must be governed by the Code. Under the Code, it is clear that the diploma afforded no authority to practice medicine, and therefore was not competent evidence for the purpose for which it was admitted.—Mays v. Williams, 27 Ala. 267.

We think that section 2298 of the Code was designed to make the books of a physician evidence of the items of his account for medicines administered and furnished to his patients in the course of his practice. The administration and supplying of medicines by a physician, under the dictates of his professional skill, constitute, at least in part, the services rendered by. him as a physician. He ought, therefore, to be permitted to prove the medicines furnished by him, in his practice as a physician, by the original entries in his books. It must be observed, however, that the value of the medicines, as well as of the active services of the physician, must be proved otherwise than by his books.

The judgment of the court below is reversed, and the cause remanded.